UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN L. TOLLIVER,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 07-cv-525-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner John L. Tolliver's Motion for

Discovery (Doc. 2), Motion Requesting Tolling of Time Until Discovery Request is Decided

(Doc. 3), and Petition for Subpoena Duces Tecum (Doc. 4), to which the Government has

responded (Doc. 5). Also before the Court is Tolliver's Motion for Disclosure of Grand Jury

Transcript (Doc. 6), Motion for Leave to Respond to Government's Response (Doc. 7), Motion

for an Order Compelling Disclosure or Discovery (Doc. 10), and Motion for Transcripts (Doc.

17).

## BACKGROUND

On March 4, 2004, Tolliver and three co-defendants were indicted by a grand jury. The

indictment alleged that Tolliver, Archie Dunklin, Jr., Houston O. Spiller and Jabrae D. Thomas

conspired with each other and with persons known and unknown to the grand jury to knowingly

distribute and possess with intent to distribute 50 grams or more of a mixture and substance

containing cocaine base (crack cocaine). After Spiller and Thomas pled guilty, the grand jury

returned a superceding indictment against Tolliver and Dunklin. The two proceeded to trial.

After a three day trial, on March 23, 2005, a jury found Tolliver guilty of the alleged conspiracy.

Tolliver appealed his conviction. His appeal raised two issues: 1) whether the Court properly

allowed the government's inquiry into Tolliver's 1991 sale of drugs to undercover police officers

and related matters, and 2) whether the interplay between the jury instructions given at the trial

and the indictment with respect to drug quantity caused confusion that resulted in an unfair trial.

The Seventh Circuit affirmed the conviction, finding that Tolliver's own testimony at trial that

he had never dealt drugs opened the door for the prosecution to inquire into the 1991 transaction,

notwithstanding that it would otherwise have been barred. The Seventh Circuit also found that

the jury instructions as given were not confusing. At trial and on appeal Tolliver was

represented by attorney Daniel F. Goggin. Tolliver has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2255. He claims the government knowingly used false testimony

to obtain its conviction and that his counsel, Mr. Goggin, was constitutionally deficient. Mr.

Goggin has notified the Court that he has mailed Tolliver transcripts of the trial, sentencing

hearing, jury instruction conference and the hearing on motions in limine. Mr. Goggin also

provided Tolliver with copies of the appellate briefs in his appeal and the Seventh Circuit's

opinion and notice of issuance of mandate in his case. Tolliver is requesting that the government

turn over to him certain items of discovery. Tolliver also asks the Court for free copies of

certain documents in his criminal file.

## ANALYSIS

As an initial matter, the Court will grant Tolliver's Request for Leave to Respond to

Government's Response (Doc. 7). The Court has considered Tolliver's responses contained in

that document in deciding the pending motions.

## I.     Discovery in Section 2255 Proceedings.

Discovery in habeas corpus cases is different from discovery in a "normal" civil case. In

the context of a habeas corpus proceeding, a district court has discretion to grant discovery upon a showing of "good cause." Rule 6(a) of the Rules Governing Section 2255 Proceedings. In addition, the party making the discovery request "must provide reasons for the request." *Id.* at 6(b). Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gamley*, 520 U.S. 899, 909 (1997); *see also United States v. Hull*, No. 02-cv-2, 2006 WL 752481, at *8 (N.D. Ind. Mar. 21, 2006). The petitioner bears the burden of demonstrating the materiality of the discovery he requests. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Hull*, 2006 WL 752481 at *8.

Tolliver has not shown good cause for the material he has requested. He is clearly on a fishing expedition, hoping to find something in the government's files that will establish either prosecutorial misconduct or ineffective assistance of his trial counsel. The Court will not order the government to turn over the requested discovery material without specific allegations by Tolliver, which, if proven, would entitle him to relief. Therefore, the Court will deny Tolliver's Motion for Discovery (Doc. 2). Additionally, the Court will deny Tolliver's Motion Requesting Tolling of Time Until Discovery Request is Decided (Doc. 3), because Tolliver is not facing any time limits that need to be tolled. The Court will deny Tolliver's Petition for Subpoena Duces Tecum (Doc. 4), because nothing alleged by Tolliver, even if proven true, would entitle Tolliver to relief. The requested lab report and state court plea colloquy are simply irrelevant. The Court will also deny Tolliver's Motion for an Order Compelling Disclosure or Discovery (Doc. 10), as it is duplicative of his other motions.

## II.     Request For Grand Jury Transcripts

Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure provides that matters occurring before the grand jury may be disclosed "when so directed by a court preliminarily or in connection with a judicial proceeding." "To obtain grand jury material, despite the presumptive secrecy imposed by Fed.R.Crim.P. 6(e), a litigant must show that the information "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *U.S. v. Campbell*, 324 F.3d 497, 498-9 (7th Cir. 2003) (citing *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). "Put simply, the secrecy of the grand jury proceeding will not be broken except where the party seeking disclosure can show a compelling necessity or a particularized need." *Matter of Grand Jury Proceedings*, Special September 1986, 942 F.2d 1195, 1198 (7th Cir.1991).

Tolliver's request shows neither a compelling necessity nor a particularized need. Tolliver requests the transcripts or minutes of the grand jury proceedings in order to show that the original indictment and the superceding indictment alleged conspiracies whose memberships overlapped only as to himself and Dunklin. Tolliver asserts that it follows that the superceding indictment may be invalid. Tolliver believes that he can prove that the Government superceded the indictment against him because it found it could not prove the allegations of the original indictment. Whether or not the Government could prove the allegations in the original indictment is irrelevant, as Tolliver was tried on and convicted of the allegations in the superceding indictment. Furthermore, the Government's decision, for whatever reason, to seek a superceding indictment against Tolliver does not impugn the validity of that indictment. Accordingly, the Court will deny Tolliver's Motion for Disclosure of Grand Jury Transcript

(Doc. 6).

### III.    Motion for Transcripts of Voir Dire

Tolliver asks for a copy of the transcripts of the jury voir dire in his underlying case. Tolliver contends that during the voir dire, two potential jurors who were ultimately seated as jurors averred that they would believe anything told them by certain government witnesses, whom the jurors knew from church.  Transcripts of the voir dire were prepared at the request of the Government and have been filed under seal.

Prisoners who have no counsel to assist with preparation of collateral attacks have a right to reasonable access to existing files in their underlying case.  *Rush v. US*, 559 F.2d 455 (7th Cir. 1977) Before providing copies free of charge or otherwise making portions of the record available to a prisoner, a district court may require that the requestor: (1) show that he is unable to pay for copies (i.e., through a certified record of his prison account), (2) show that he has exhausted *all* other means of access to his files (*i.e.*, through his trial or appellate counsel), and (3) make some showing as to the purpose for which the requested documents are sought.  *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19, n. 4 (7th Cir. 1980).  Tolliver has met these requirements.  The Court is satisfied that he is unable to pay for the requested copies.  He has no other means of accessing the requested transcripts as they were not prepared during the time that Tolliver was represented by counsel.  Finally, Tolliver intends to use the transcripts to show that he was denied a fair trial by the seating of jurors who admitted they could not be fair and impartial.  Therefore, the Court will grant Tolliver's motion for a copy of the transcripts.

### CONCLUSION

The Court **DENIES** Tolliver's Motion for Discovery (Doc. 2), Motion Requesting

Tolling of Time Until Discovery Request is Decided (Doc. 3), Petition for Subpoena Duces Tecum (Doc. 4), Motion for Disclosure of Grand Jury Transcript (Doc. 6), and Motion for an Order Compelling Disclosure or Discovery (Doc. 10).  The Court **GRANTS** Tolliver's Motion for Leave to Respond to Government's Response (Doc. 7) and Motion for Transcripts (Doc. 17). The Court **DIRECTS the Clerk of Court** to send a copy of this Order along with a copy of the voir dire transcripts filed at Doc. 200 in case number 04-cr-40014-JPG to the Warden of the Federal Correctional Institution in Forrest City, Arizona.  **The Warden shall maintain custody and control of the documents for 30 days, then return the transcripts to the Clerk.  The Warden shall allow Tolliver access to the transcripts under the direct supervision of an official of the prison.**

**IT IS SO ORDERED.**
**DATED: November 21, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
