UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN L. TOLLIVER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 07-cv-525-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner John L. Tolliver's Motion Requesting Copy of Document in Court Files (Doc. 21), Motion for Reconsideration of The Court's Order Denying Motion for Discovery (Doc. 22). Motion for Extension of Time to File Response/Reply (Doc. 23), and Motion for Extension of Time to File Response/Reply (Doc. 25).

### BACKGROUND

On March 4, 2004, Tolliver and three co-defendants were indicted by a grand jury. The indictment alleged that Tolliver, Archie Dunklin, Jr., Houston O. Spiller and Jabrae D. Thomas conspired with each other and with persons known and unknown to the grand jury to knowingly distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base (crack cocaine). After Spiller and Thomas pled guilty, the grand jury returned a superceding indictment against Tolliver and Dunklin. The two proceeded to trial. After a three day trial, on March 23, 2005, a jury found Tolliver guilty of the alleged conspiracy. Tolliver appealed his conviction. His appeal raised two issues: 1) whether the Court properly allowed the government's inquiry into Tolliver's 1991 sale of drugs to undercover police officers and related matters, and 2) whether the interplay between the jury instructions given at the trial and the indictment with respect to drug quantity caused confusion that resulted in an unfair trial.

The Seventh Circuit affirmed the conviction, finding that Tolliver's own testimony at trial that he had never dealt drugs opened the door for the prosecution to inquire into the 1991 transaction, notwithstanding that it would otherwise have been barred. The Seventh Circuit also found that the jury instructions as given were not confusing. At trial and on appeal Tolliver was represented by attorney Daniel F. Goggin. Tolliver has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He claims the government knowingly used false testimony to obtain its conviction and that his counsel, Mr. Goggin, was constitutionally deficient. Mr. Goggin has notified the Court that he has mailed Tolliver transcripts of the trial, sentencing hearing, jury instruction conference and the hearing on motions in limine. Mr. Goggin also provided Tolliver with copies of the appellate briefs in his appeal and the Seventh Circuit's opinion and notice of issuance of mandate in his case. The Court previously granted Tolliver's motion for a free copy of the transcript of the jury voir dire. Tolliver indicates he has reviewed that transcript. He asks for an extension of time to formulate his reply to the Government's Response to his habeas petition. The Government filed it's Response on December 1, 2008. Tolliver also renews his previously denied request that the government turn over to him certain items of discovery. Tolliver also asks the Court for free copies of the transcript of closing arguments in his criminal case and an affidavit by his trial counsel that Tolliver contends was requested by the Government.

## ANALYSIS

**I.  Motion for Copy of Documents**

Tolliver contends that in order to properly reply to the arguments made by the Government in its Response to his habeas petition, he must have a copy of the transcript of the

closing arguments from his trial and a copy of an affidavit submitted by his trial counsel. The Government neither used nor referred to either of these documents in its Response. Therefore, Tolliver has no need of the documents in order to formulate his rebuttal to the Government's arguments. Accordingly, the Court will deny this motion.

**II.     Motion to Reconsider**

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Here, Tolliver does nothing but rehash the arguments the Court previously rejected. This is not a proper basis for reconsideration. Therefore, the Court will deny this motion.

**III.	Motions for Extension of Time**

The Court was informed by Tolliver's counselor that Tolliver was unable to view the transcripts of the jury voir dire until recently.  Accordingly, Tolliver has not yet formulated his reply to the Government's response.  Tolliver asks for an extension of time to file his response.  The Court finds that Tolliver has shown good cause for his delay in replying to the Government's response and further finds that the Government will suffer no prejudice if Tolliver is granted more time.  Accordingly, the Court will grant Tolliver's motion for an extension of time.

**CONCLUSION**

The Court **DENIES** Tolliver's Motion Requesting Copy of Document in Court Files (Doc. 21).  The Court **DENIES** Tolliver's Motion for Reconsideration of The Court's Order Denying Motion for Discovery (Doc. 22). The Court **DENIES as moot** Tolliver's first Motion for Extension of Time to File Response/Reply (Doc. 23).  The Court **GRANTS** Tolliver's second Motion for Extension of Time to File Response/Reply (Doc. 25).  Tolliver is granted leave to file a reply to the Government's response **on or before March 20, 2009.**  No further extensions of time will be granted.

**IT IS SO ORDERED.**
**DATED: March 3, 2009**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**